WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scott Chris Cunningham, | No. CV-19-00812-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Home Depot, | |
| Defendant. | |

Pending before the Court is Defendant The Home Depot USA, Inc.'s ("Defendant" or "Home Depot") Motion to Dismiss Plaintiff's Second, Third, and Fourth Claims for Relief. (Doc. 21, "Mot."). Plaintiff Scott Chris Cunningham filed an opposition, (Doc. 23, "Resp."), and Defendant filed a reply, (Doc. 25, "Reply").

**I. BACKGROUND**

The following facts are as alleged by Plaintiff in his First Amended Complaint. (Doc. 17, "FAC"). Plaintiff began employment with Home Depot on January 13, 2004, as a sales associate. He became an assistant store manager in November 2013. Plaintiff alleges that shortly after Edmond Lawrence became his manager in May 2016, he noticed that Lawrence was giving preferential treatment to another assistant manager who was Hispanic. Plaintiff is Caucasian. Plaintiff confronted Lawrence about his favoring the other assistant manager, and Lawrence subsequently began to ostracize and ignore Plaintiff. Plaintiff alleges that "[t]he work environment created by Lawrence was abusive, severe and pervasive enough to alter the terms of [Plaintiff's] employment and interfered

with [his] ability to get his work done." (FAC at 5). Plaintiff also alleges that Lawrence retaliated against him for complaining by giving him poor reviews. Plaintiff reported the alleged retaliation to the HR District Manager and also reported that Lawrence created a hostile work environment for him. Plaintiff alleges that his complaint was closed without investigation, and that Lawrence continued to create a hostile work environment for Plaintiff.

In November 2016, Plaintiff took medical leave. In March 2017, while Plaintiff was still out on leave, Lawrence gave Plaintiff a low rating and "withheld stock and a bonus" from Plaintiff despite his good work performance. (FAC at 6). Plaintiff then filed an Equal Employment Opportunity Commission ("EEOC") Charge (No. 540-2017-01377) on March 17, 2017, alleging that after Lawrence became Store Manager, Plaintiff was "targeted and treated differently due to [his] race . . . ." (Doc. 17-1) (the "First Charge"). Plaintiff also alleged that he "brought forward concerns" to Lawrence and HR "and was subjected to retaliation, which included discipline and denial of transfer." (Doc. 17-1). The EEOC mailed a right to sue notice based on the First Charge to Plaintiff on October 31, 2018. (Doc. 17-3) (the "First Right to Sue Notice").

In January 2018, Plaintiff was informed that unless he returned to work in February 2018, he would be terminated. Plaintiff requested to return as an assistant manager, but was told that there were no assistant manager positions in his district or surrounding districts. Plaintiff alleges that he was discriminated against due to his disability because Home Depot created an assistant manager position for a non-disabled employee while refusing to do so for Plaintiff. Plaintiff alleges that he was treated disparately because he is disabled and protested race discrimination.

On April 24, 2018, Plaintiff filed another EEOC Charge (No. 540-2018-02621) in which he alleged that Home Depot was "continuing to retaliate against [him] by demoting [him] after [he came] back from a medical leave in which they forced [him] back early." (Doc. 17-2) (the "Second Charge"). He further alleged that "the HR team claimed that they had no management positions in [his] district available" for when he came back from leave,

and that after he came back as an hourly associate in another store, a new manager "transferred in 2 weeks after [he] was told there were no management positions available." (Doc 17-2). The EEOC mailed a right to sue notice based on the Second Charge to Plaintiff on November 9, 2018. (Doc. 17-4) (the "Second Right to Sue Notice").

Plaintiff initiated this action on February 8, 2019, against Home Depot by filing a complaint, pro se. (Doc. 1). Plaintiff filed his First Amended Complaint through counsel on March 27, 2019 (Doc. 17, "FAC"). In the FAC, Plaintiff brings five counts:

> (1) 42 U.S.C. § 1981 – retaliation for having reported or opposed race discrimination
>
> (2) 42 U.S.C. § 2000e-2(a)(1) – retaliation for having reported or opposed race discrimination[1]
>
> (3) 42 U.S.C. § 12112 – disability discrimination in violation of the ADA
>
> (4) 42 U.S.C. § 2000e-2(a)(1) – hostile work environment or disparate treatment based upon race[2]
>
> (5) 42 U.S.C. § 1981 – hostile work environment or disparate treatment based upon race

(FAC at 2, 9–11). Defendant now moves to dismiss Counts Two and Four (the "Title VII Counts") and Count Three (the "ADA Count") pursuant to Rule 12(b)(6), arguing that these claims were untimely filed.

## II.   LEGAL STANDARD

Rule 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). In ruling on a Rule 12(b)(6) motion to dismiss, the well-pled factual

---

[1] The FAC states in one place that this claim is brought pursuant to 42 U.S.C. § 2000e-5, (FAC at 2), and in another place, § 2000e-2(a)(1), (FAC at 9).

[2] The FAC states in one place that this claim is brought pursuant to 42 U.S.C. § 2000e, (FAC at 2), and in another place, § 2000e-2(a)(1), (FAC at 10).

allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). "A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when the running of the statute is apparent on the face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (internal quotation marks and citation omitted).

A court ordinarily may not consider evidence outside the pleadings in ruling on a Rule 12(b)(6) motion to dismiss. *See United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice— without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908.

## III. ANALYSIS

### A. Statute of Limitations

Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). "Before a claimant can file a Title VII civil action, [he] must file a timely charge of discrimination with the EEOC." *Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 383 (9th Cir. 1997). Likewise, before a claimant can file an employment discrimination action under the ADA, he must also file a timely charge of discrimination with the EEOC. *See* 42 U.S.C. § 12117(a) (incorporating the enforcement procedures of Title VII, including those contained at 42 U.S.C. § 2000e-5). If the EEOC dismisses a charge of discrimination, it "must notify the claimant and inform [him] that [he] has ninety days to bring a civil action." *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1121 (9th Cir. 2007) (citing 42 U.S.C. § 2000e-5(f)(1)). The ninety-day

requirement constitutes a statute of limitations, and if a claimant fails to file within the ninety-day period, the action is barred. *Scholar v. Pac. Bell*, 963 F.2d 264, 266–67 (9th Cir. 1992). "Courts apply the ninety-day time limit strictly and will dismiss a suit for missing the deadline by even one day." *Garrison v. Nike Inc.*, No. CV-17-00805-PHX-DLR, 2017 WL 2653051, at *2 (D. Ariz. June 20, 2017) (citation omitted). It is the defendant that "bears the burden of proving that the plaintiff filed beyond the limitations period." *Payan*, 495 F.3d at 1122.

"[A]scertaining the date on which the limitations period begins is crucial to determining whether an action was timely filed." *Id.* at 1121–22. Where the date of receipt of the right to sue notice is known, the notice is deemed received on that date, regardless of whether the claimant or his attorney personally saw the notice. *Id.* at 1122. Where the date of actual receipt is unknown, but there is no dispute as to receipt itself, the Court applies a presumption to approximate the date of receipt. *Id.* First, the Court presumes "that the letter issuance date is also the date on which the letter was mailed." *Id.* at 1123. Second, the Court presumes that the letter was received three days after the date of issuance. *Id.* at 1126. These presumptions are, however, rebuttable. *Id.* at 1124, 1126. To rebut the presumption of receipt, a plaintiff must show that he did not receive the letter in the ordinary course. *Id.* at 1126. "In reviewing whether the presumption has been rebutted, courts look for evidence suggesting that receipt was delayed beyond the presumed period." *Id.*

Plaintiff appears to concede that the First Charge covers the Title VII Counts, while the Second Charge covers the ADA Count. (Resp. at 2–4). Plaintiff also appears to concede that the Title VII Counts were filed after the ninety-day window expired. (Resp. at 2–4). But with regard to the ADA Count, Plaintiff contends that this action was timely filed. (Resp. at 2). Plaintiff argues that the statute ran on February 11, 2019, making his filing of the ADA Count timely filed on February 8, 2019. (Resp. at 2). Plaintiff asserts in his Response that he does not know the date he received the right to sue letter for the ADA Count and that Home Depot relied on the date of mailing (November 9, 2018) to calculate

the ninety-day period. (Resp. at 2). Indeed, the Second Right to Sue Notice lists a mailing date of November 9, 2018 (a Friday). Plaintiff argues that because he does not know when he received the Second Right to Sue Notice, the Court should apply the Ninth Circuit's presumption and presume that he received the notice on November 12, 2018—three days after mailing. If applying the presumption, Plaintiff argues that he had until February 11, 2019 to file an action with regard to the ADA Count.[3] (Resp. at 2).

Defendant, however, argues that the statute ran on February 7, 2019, making Plaintiff's ADA Count one day late. (Mot. at 7). Defendant correctly points out that Plaintiff stated in the FAC that he *received* the notice on November 9, 2018. (Reply at 3). In the FAC, Plaintiff states that he "received his Notices of Right to Sue on November 9, 2018 and October 31, 2018." (FAC at 8). Therefore, using that date, Defendant argues that the statue ran on February 7, 2019 (ninety days after November 9, 2018). Defendant acknowledges that Plaintiff has submitted an affidavit with his response which declares that Plaintiff does not "recall the exact dates [he] received [his] rights to sue so [he] used the mailing dates from the face of [his] rights to sue." (*See* Doc. 23-1). But Defendant argues that this Court cannot consider material outside of the pleadings when ruling on a motion to dismiss under Rule 12(b)(6). The Ninth Circuit has stated that the Court may not ordinarily consider materials other than the pleadings when ruling on a 12(b)(6) motion. *Ritchie*, 342 F.3d at 907. The Court may, however, consider documents attached to the complaint and documents incorporated by reference in the complaint. *Id.* at 908. Plaintiff's right to sue notices were attached to the FAC and also incorporated by reference. (FAC at 8). Therefore, the Court may consider the right to sue notices in ruling on this motion. The Court will not consider Plaintiff's affidavit, as it is material outside of the pleadings.

Because Plaintiff has unambiguously stated in the FAC that he *received* the Second

---

[3] Ninety days after November 12, 2018 falls on Sunday, February 10, 2019. Pursuant to Fed. R. Civ. P. 6(a), when "the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Therefore, the ninety-day period would be extended until Monday, February 11, 2019.

Right to Sue Notice on November 9, 2018, the Court agrees with Defendant and concludes that the ninety-day period ran on February 7, 2019. Accordingly, the ADA Count filed with this Court on February 8, 2019 was untimely. However, the Second Right to Sue Notice that is attached to the FAC also unambiguously states that the letter was *mailed* on November 9, 2018. The Court grants Defendant's Motion to Dismiss Count Three, but also grants Plaintiff leave to amend paragraph 20 on page 8 of the FAC within seven days should Plaintiff wish to do so.

### B. Equitable Tolling

Plaintiff argues that even though the Title VII Counts were filed after the statute of limitations, the Court should apply equitable tolling. (Resp. at 3). The ninety-day period in which to file a civil action is subject to the doctrine of equitable tolling. *Nelmida*, 112 F.3d at 384; *see also Sloan v. West*, 140 F.3d 1255, 1262 (9th Cir. 1998) ("The Title VII statute of limitations is not a jurisdictional requirement; it may be waived, and equitably tolled."). Equitable tolling is available in "extreme cases," *Scholar*, 963 F.2d at 267, and is to be "applied only sparingly." *Nelmida*, 112 F.3d at 384 (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). The Supreme Court has applied the equitable tolling doctrine in limited situations, including "when the statute of limitations was not complied with because of defective pleadings, when a claimant was tricked by an adversary into letting a deadline expire, and when the EEOC's notice of the statutory period was clearly inadequate." *Scholar*, 963 F.2d at 267–68. "Courts have been generally unforgiving, however, when a late filing is due to claimant's failure 'to exercise due diligence in preserving his legal rights.'" *Id.* at 268 (citing *Irwin*, 498 U.S. at 96).

Plaintiff argues that the Court should apply equitable tolling for three reasons: (1) he represented himself; (2) his former attorney misinformed him; and (3) he relied on his attorney's advice. (Resp. at 4). Defendant argues that Plaintiff's reasoning is contradictory, as he "simultaneously claim[s] that he received bad advice from his attorney and that he was acting pro se." (Reply at 5). The Court agrees with Defendant, but concludes that even so, Plaintiff's arguments fail under both lines of reasoning.

As to Plaintiff's first reason, his original status as a pro se plaintiff is not in itself a reason to apply equitable tolling. *See Payan*, 495 F.3d at 1127 (noting that plaintiff's pro se status did not "afford her different treatment" in respect to the requirement to timely file a Title VII claim). As to Plaintiff's assertions that he relied on misinformation from his former attorney, even if Plaintiff was misinformed, such error does not afford Plaintiff an extension of equitable tolling. Plaintiff cites to *Valenzuela v. Kraft, Inc.*, 801 F.2d 1170 (9th Cir. 1986), arguing that it "teaches that a Court should examine whether Congressional purpose is effectuated by tolling," and that the Court "should center its inquiry on whether Home Depot had adequate notice of Plaintiff's claims[.]" (Resp. at 3). But *Valenzuela* is distinguishable. In *Valenzuela*, the plaintiff timely filed her action in state court. *Id.* at 1171. After the action was removed to federal district court, the federal court dismissed the action concluding that federal court had exclusive jurisdiction over the claim and therefore the state court lacked initial subject matter jurisdiction. *Id.* Plaintiff then filed her Title VII action in federal court. *Id.* When defendant moved to dismiss for untimely filing, the district court found that the statute had been tolled. *Id.* at 1172. The Ninth Circuit affirmed, and did so because at the time the plaintiff filed her action in state court, it was still "unclear whether federal courts had exclusive jurisdiction over Title VII claims." *Id.* at 1175. The court noted that "Valenzuela's filing in the state court demonstrated the due diligence which statutes of limitations are designed to engender, and put [defendant] on notice that it had to maintain the evidence necessary to its defense." *Id.* *Valenzuela* exhibits a factual situation inapposite to the facts here. Reading *Valenzuela* as Plaintiff suggests goes against case law regularly dismissing actions as untimely even when the plaintiffs had exhausted administrative remedies with the EEOC.

Plaintiff also cites to *Josephs v. Pac. Bell*, 443 F.3d 1050 (9th Cir. 2005), asserting that the Ninth Circuit applied equitable tolling for the negligent actions of an EEOC investigator in that case and arguing that the same principles should be applied here. (Resp. at 4). But *Josephs* is also inapplicable here. First, the equitable tolling in *Josephs* was applied to the time limit that the plaintiff had to file his charge with the EEOC, and not the

- 8 -

time limit that the plaintiff had to file a civil action in district court. Second, nothing in *Josephs* indicates that its holding extends to misinformation by an attorney. *Josephs* states that equitable relief can be given when a plaintiff "(1) diligently pursued his claim; (2) was misinformed or misled by the administrative agency responsible for processing his charge; (3) relied in fact on the misinformation or misrepresentations of that agency, causing him to fail to exhaust his administrative remedies; and (4) was acting pro se at the time." *Id.* at 1054. And courts regularly hold that equitable tolling does not apply in cases of attorney error. *See Irwin*, 498 U.S. at 96 (declining to extend equitable tolling when attorney was absent from his office at the time the EEOC notice was received and noting that "principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect"); *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 238 (5th Cir. 2010) (finding the district court did not abuse its discretion in declining to equitably toll the ninety-day filing period and holding that equitable tolling did not apply "to normal situations of attorney negligence or inadvertence"); *Ilaw v. Daughters of Charity Health Sys.*, No. 11-CV-02752-LHK, 2012 WL 381240, at *7 (N.D. Cal. Feb. 6, 2012) (noting that "an attorney's ordinary negligence generally is not a basis for equitable tolling" ).

Plaintiff has not shown his case to be an "extreme" case that warrants equitable tolling. Plaintiff's Title VII Counts (Counts Two and Four) are therefore dismissed because they were not filed within ninety-days after Plaintiff's receipt of the First Right to Sue Letter.

Accordingly,

**IT IS ORDERED granting** Defendant's Motion to Dismiss Counts Two, Three, and Four. Counts Two and Four are dismissed with prejudice. Count Three is dismissed without prejudice. The Court grants leave to Plaintiff to amend within 7 days should Plaintiff wish to do so.

Dated this 3rd day of June, 2019.

Honorable Susan M. Brnovich
United States District Judge